**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | | |
|---|---|---|
| **BENJAMIN RUBEN ROWLAND**<br>2011 East Belvedere Avenue<br>Baltimore, Maryland 21239 | :<br>:<br>: | |
| **Plaintiff** | : | **CIVIL ACTION NO.** |
| | : | |
| **V.** | :<br>:<br>: | |
| **OFFICER GREGORY M. MUSSMACHER**<br>Baltimore City Police Dept.<br>601East Fayette Street<br>Baltimore, Maryland  21202 | :<br>:<br>:<br>: | |
| **and** | : | |
| **OFFICER GUY GERSTEL**<br>Baltimore City Police Dept.<br>601East Fayette Street<br>Baltimore, Maryland  21202 | :<br>:<br>:<br>: | |
| | : | |
| **Defendants** | * | |
| : : : | | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Benjamin Ruben Rowland, by his attorneys, Robert L. Smith, Jr., Esq., and Frederick P. Charleston, Esq, sues Officer Gregory M. Mussmacher and Officer Guy Gerstel as follows:

## JURISDICTION AND VENUE

1.     This court has subject matter jurisdiction of this case pursuant to 28 U.S.C§1331.

2.	The United States District Court for the District of Maryland (Northern Division) is the proper venue for this action as the events which led to this lawsuit all occurred in Baltimore City.

## **PARTIES**

3.	Benjamin Ruben Rowland is a twenty (20) year-old Latino male who currently resides at 2011 East Belvedere Avenue, Baltimore, MD. 21239.

4.	At all times relevant herein, Officer Gregory M. Mussmacher was a Baltimore City Police Officer and or an employee and agent of the State of Maryland and the City of Baltimore and was acting under color of his authority as a police officer with the City of Baltimore.

5.	At all times relevant herein, Officer Guy Gerstel was a Baltimore City Police Officer and or an employee and agent of the State of Maryland and the City of Baltimore and was acting under color of his authority as a police officer with the City of Baltimore.

## **FACTS COMMON TO ALL COUNTS**

6.	In the late evening of April 26, 2004, or the early morning of April 27, 2004, Plaintiff (then 17 years old) and his sister, Loida Baez, had an argument at their former home at 3801 Glengyle Avenue, Baltimore, MD. 21215. Ms. Baez called for police assistance. Upon information and belief, the first officers to respond were Officer Brandon Echevaraia and Officer Tisha Anderson of the Northwestern District Police Station, who spoke to Ms. Baez to obtain information regarding the incident which led to the call. Subsequently, several police officers, including Defendant Mussmacher, responded.

7.	Upon arrival, Mussmacher announced that he was the primary officer and was taking over the investigation. He then also spoke to Ms. Baez, and

Plaintiff's mother, Magadelena Santiago, who indicated that the dispute had ended, and that Plaintiff had left the home (where they all reside). Despite having been informed that the dispute had ended, Officer Mussmacher proceeded to locate Plaintiff for questioning.

8. Officer Mussmacher located Plaintiff near the corner of Reisterstown Road and Glengyle Avenue where he was already being questioned by Officer Echevaraia. Despite the fact that Plaintiff was providing information to Officer Echevaraia, Mussmacher interceded, and took over the investigation. Shortly thereafter, Mussmacher arrested Plaintiff. Pursuant to that arrest, Mussmacher handcuffed Plaintiff behind his back. Plainitiff complained about the arrest, and that the handcuffs were too tight, stating that the only reason Officer Mussmacher was acting the way he was acting was because he had a gun and badge. Whereupon, Officer Mussmacher removed his handcuffs, removed his own gun belt, and offered to fight Plaintiff. Plaintiff understandably declined, whereupon Mussmacher re-handcuffed Plaintiff behind his back.

9. After Plaintiff again complained about his arrest and the tight handcuffs, Mussmacher yelled at Plaintiff to stop resisting and balled up his fist and violently and maliciously struck Plaintiff in the face, as well as spraying mace in his face, causing serious injury to Plaintiff. These acts were witnessed by Officer Tisha Anderson. Plaintiff was handcuffed from behind as Defendant Mussmacher committed these acts.

10. Plaintiff was then transported to the Northwest District Police Station where he remained handcuffed. He was taken to the station recreation hall which contained, among other things, a ping pong table and a pool table. There Officer Mussmacher was joined by other officers, including Defendant Gerstel. Shortly thereafter, as Plaintiff continued to complain about his arrest and the handcuffs and the discomfort caused by the mace, Officer Mussmacher then violently and maliciously

hit Plaintiff, who was still handcuffed, in the face with a nightstick, causing even more serious injuries to Plaintiff.

11.  Around the same time that Officer Mussmacher was striking Plaintiff with the nightstick, upon information and belief, Defendant Gerstel struck Plaintiff in his upper back with a baton or pool cue or similar weapon, causing even more injuries.

12.  After the attack ended, Plaintiff was arrested and transported to Sinai Hospital. Thereafter, Plaintiff was transported to the Juvenile Detention facility on Gay Street, where he was held for several hours. He was finally released later that day without charges being filed.

13.  Consequently, Defendant Mussmacher was criminally charged with two (2) counts of assault in the second degree for his brutal attacks on Plaintiff. On February 11, 2005, Judge Allen Schwait of the Circuit Court of Baltimore City found Defendant Mussmacher guilty of second degree assault (for striking Plaintiff with the nightstick without legal justification while he was handcuffed in police custody) and for misconduct in office.

14.  Throughout this entire incident, while Plaintiff did complain about what he believed to be an unlawful arrest and the pain he felt from the tight handcuffs, and the making, he was otherwise completely cooperative with the police officers and offered no resistance to any lawful actions taken by the officers.

15.  As a result of the actions of these defendants, Plaintiff was severely physically injured, has suffered both temporary and permanent disability, has suffered great emotional distress, has suffered great pain and suffering, was humiliated and has had his reputation among his friends, and relatives severely injured to the detriment of his future professional life. All of these damages will continue for the indefinite future.

16.  At all times relevant hereto, the actions of Defendants in: (a) arresting Plaintiff; (b) imprisoning him; and, (c) brutally assaulting him; were all unlawfully

performed by Defendants without warrant or justification, without probable cause, were brutal and shocking to the conscience and were motivated solely by their wanton, malicious and reckless desire to inflict great emotional and physical distress and pain and suffering upon Plaintiff.

## COUNT I

### (Violation of 42 U.S.C.§1983-Constitutional and Civil Rights Violations - Defendant Mussmacher)

17.     Plaintiff incorporates herein the allegations complained of in paragraphs 1 through 16 of the complaint.

18.     Volume 42, section 1983 of the United States Code prohibits a law enforcement officer from taking actions against a citizen of the United States under color of his authority as a police officer which violates rights guaranteed to that person under the United States Constitution and/or the laws and statutes of the United States.

19.     The acts of Defendant Mussmacher in (1) striking Plaintiff with his fist; (2) spraying mace into his face; (3) striking him with his nightstick while Plaintiff was handcuffed from behind; and (4) arresting and handcuffing him without probable cause to believe he had committed a crime were unlawful, brutal, and shocking to the conscience and done under the color of his authority as a Baltimore City Police Officer. Said acts constituted violation of rights guaranteed to Plaintiff under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and/or 42 U.S.C §1983.

20.     Said acts were done against Plaintiff by Defendant Mussmacher with malice and without legal force and authority.

WHEREFORE, Plaintiff claims two million dollars ($2,000,000.00) compensatory and two million dollars ($2,000,000.00) punitive damages from

Defendant Mussmacher, and such other and further relief to which he may be entitled.

## **COUNT II**

### (Violation of 42 U.S.C.§1983-Constitutional and Civil Rights Violations - Defendant Gerstel)

21.     Plaintiff incorporates herein the allegations complained of in paragraphs 1 through 20 of the complaint.

22.     Volume 42, section 1983 of the United States Code prohibits a law enforcement officer from taking actions against a citizen of the United States under color of his authority as a police officer which violates rights guaranteed to that person under the United States Constitution and/or the laws and statutes of the United States.

23.     The acts of Defendant Gerstel in striking Plaintiff with a police baton or pool cue or similar weapon while Plaintiff was handcuffed from behind were unlawful and done under the color of his authority as a Baltimore City Police Officer and violated rights guaranteed to him under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and/or 42 U.S.C §1983.

24.     Said acts were done against Plaintiff by Defendant Gerstel with malice and without legal force and authority.

WHEREFORE, Plaintiff claims one million dollars ($1,000,000.00) compensatory and one million dollars ($1,000,000.00) punitive damages from Defendant Gerstel, and such other and further relief to which he may be entitled.

> Respectfully Submitted,
>
> _____s/s_____
> Robert L. Smith, Jr., Esquire
> Bar ID No. 024468
> 10 North Calvert Street, Suite 204
> Baltimore, Maryland 21202
> (410) 244-1222

6

_____s/s_____
Frederick P. Charleston, Esquire
Bar ID No. 02933
10 North Calvert Street, Suite 204
Baltimore, Maryland 21202
(410) 685-7753

Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial of this case.

_____s/s_____
Frederick P. Charleston, Esq.